IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Wayne Newman, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Ambry Genetics Corporation, Joe ) <br> Bedell, and Jack Shandley, ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No. 2:24-cv-00887-BHH-MGB <br><br> **<u>Opinion and Order</u>** |

This case was removed to this Court on February 21, 2024, based on federal question jurisdiction. (ECF No. 1.) Plaintiff Wayne Newman's ("Plaintiff") first amended complaint ("FAC") asserts the following the claims: (1) retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 *et seq.*; (2) defamation (implied malice); (3) defamation (actual malice, common law malice); (4) negligent supervision; (5) tortious interference with contract; and (6) civil conspiracy. (ECF No. 1-1 at 3-22.) Pursuant to the provisions of Title 28, United States Code § 636(b)(1)(A), and the Local Rules, this matter was referred to a United States Magistrate Judge for consideration.

Now before the Court is Defendants Ambry Genetics Corporation's, Joe Bedell's, and Jack Shandley's (collectively, "Defendants") motion to compel arbitration. (ECF No. 7.) Plaintiff Wayne Newman filed a response in opposition, arguing that the arbitration agreement is subject to the Ending Forced Arbitration of Sexual Assault and Sexual

Harassment Act ("EFAA").[1] (ECF No. 8.) Defendants filed a reply, (ECF No. 9), and Plaintiff filed a sur-reply. (ECF No. 12.)

On April 26, 2024, Magistrate Judge Mary Gordon Baker filed her Report and Recommendation ("Report"), recommending that this Court grant Defendants' motion to compel arbitration and dismiss the action without prejudice.[2] (ECF No. 13.) Plaintiff filed timely objections to the Report. (ECF No. 14.) Defendants filed a reply to Plaintiff's objections, (ECF No. 15), and then Plaintiff filed a response in support of his objections. (ECF No. 17.)

## Standard of Review

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

---

[1] The operative text here is in EFAA sections 402(a) and 401(4). Section 402(a) provides that "at the election of the person alleging conduct constituting a sexual harassment dispute," no pre-dispute arbitration agreement shall be valid or enforceable "with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute." 9 U.S.C. § 402(a). Section 401(4), in turn, defines a "sexual harassment dispute" as "a dispute relating to conduct that is alleged to constitute sexual harassment under applicable Federal, Tribal, or State law." *Id.* § 401(4).

[2] The Magistrate Judge's Report noted that the parties have not briefed the issue of whether dismissal is appropriate in lieu of a stay and that they may address this procedural issue during the objection period. (ECF No. 13 at 12 n.4.) Plaintiff does not address this issue in his objections, (ECF No. 14), and he merely states in the last sentence of his response in support of his objections that "the Court should stay the case pending arbitration rather than dismiss it." (ECF No. 17 at 12.) Defendants, in a footnote to their reply, argue that the case should be stayed and not dismissed because "the Supreme Court has since held that district courts should stay cases pending arbitration," citing *Smith v. Spizzirri*, 601 U.S. 472 (2024). (ECF No. 15 at 1 n.1.) After review of this United States Supreme Court case, the Court finds that the instant case should be stayed, rather than dismissed without prejudice. *See Smith*, 601 U.S. at 472-73 (holding that when a party has requested a stay, § 3 of the Federal Arbitration Act compels the court to issue a stay, and the court lacks discretion to dismiss the suit). Accordingly, based on this recent opinion, the Court does not adopt the Report's recommendation of dismissal without prejudice.

This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir.1983).

## Discussion

Upon review, the Court finds that Plaintiff's first objection is non-specific and is merely a reiteration of her arguments contained in her response to Defendants' motion to compel arbitration. (*See* ECF No. 14 at II A. & B. (arguing that the FAC alleges a cognizable sexual harassment dispute or claim related to sexual harassment and retaliation such that this Court should find this case falls within the purview of the EFAA).) The Report fully addressed these arguments and found them without merit. (*See* ECF No. 13 at Section II, Analysis.) Regardless of whether the Court applies a clear error or *de novo* standard of review, the Court finds that the EFAA does not encompass Plaintiff's claims.

Plaintiff then makes three specific objections to the Report, all of which he contends supports that he did plead "facts to warrant a plausible sexual harassment claim." (ECF No. 14 at 7.)[3] He contends that the Magistrate Judge:

1. "failed to consider that Plaintiffs' FAC alleges that Bedell made comments about a subordinate being 'on her period' and that he openly degraded, humiliated, and ridiculed other female employees as well";

2. "overlook[ed] that Bedell was a high-ranking officer and that he had the power to take tangible employment action against Jane Doe, as well as the individuals in the car"; and

3. "overlook[ed] that Plaintiff's FAC alleges that Bedell sexually harassed other women."

---

[3] The Court notes that Plaintiff raises these same arguments in his response in support of his objections. (ECF No. 17 at 1-5.)

(*Id.* at 7-8.) The Magistrate Judge determined that Plaintiff's case is about whether Plaintiff was terminated in retaliation for providing a witness statement recounting a comment Defendant Bedell made to Jane Doe on March 29, 2023, while on a car ride home from a work dinner and whether Defendants made false comments about him that negatively impacted him. (ECF No. 13 at 7-8.) Upon review of the FAC, the Court finds that Plaintiff does not assert a sexual harassment claim, nor allege that he was subjected to a sexually hostile work environment due to Defendant Bedell's conduct towards Jane Doe and/or other women. Further, Plaintiff does not allege that he personally complained about Defendant Bedell's conduct towards other women or supported complaints made by such women against Bedell. Rather, Plaintiff alleges that he was terminated for supporting Jane Doe's complaint against Defendant Bedell. The Court finds that the allegations set forth above have no bearing on Plaintiff's Title VI retaliation claim and do not support that Plaintiff has pled a plausible sexual harassment claim rendering his arbitration agreement unenforceable. Thus, after a *de novo* review, the Court finds these objections without merit.

Plaintiff's fourth specific objection is that the Magistrate Judge's conclusion – that no factfinder "will ever have to decide whether sexual harassment occurred in this case" (ECF No. 13 at 8) – "overlooks the fact that Courts have extended EFAA to retaliation claims." (ECF No. 14 at 9.) However, upon review, the Magistrate Judge's Report noted that courts have found a retaliation claim covered by the EFAA, and it went on to explain why the cases cited by Plaintiff fail to support a finding that Plaintiff's retaliation claim is covered by the EFAA. (*See* ECF No. 13 at 10 (noting that "courts have done so only where the victim of retaliation was also the victim and/or reporter of the allege sexual

4

harassment").) Notably, Plaintiff cites to the same case law[4] in his objections that he cited to in his response in opposition to Defendant's motion to compel. The Court finds that the Magistrate Judge examined the current legal landscape surrounding the EFAA and properly concluded that Plaintiff's retaliation claim falls outside the purview of the EFAA. Thus, after a *de novo* review, the Court finds this objection without merit.

Plaintiff's fifth and final specific objection is that the Magistrate Judge's finding – that extending the EFAA's protection to a plaintiff who did not personally experience or report sexual assault or harassment is not supported by the stated legislative purpose of the statute – contradicts with the holding of *Betancourt v. Rivian Auto., LLC*, No. 22-1299-JES-JEH, 2023 WL 5352892, at *2 (C.D. Ill. Aug. 21, 2023). (ECF No. 14 at 11-12.) The Court disagrees. The issue before the *Betancourt* court was the "accrual date of Plaintiff's hostile work environment claim," as the parties disputed whether the EFAA applied to plaintiff's claims based on its March 3, 2022, enactment date and the dates of the alleged harassment of the plaintiff. *Id.* at *3. The court ultimately held that plaintiff "has pled that **she** was subjected to sexual harassment and a hostile work environment," and that the continuing violation doctrine applied to her claims which were, therefore, "ongoing on the date the EFAA was enacted with the result that the Arbitration Agreement" is unenforceable. *Id.* at *5 (emphasis added.) Thus, a close review reveals that the holding in *Betancourt* in no way contradicts the Report's finding here – that affording Plaintiff the protection of the EFAA is not supported by the underlying purpose of the statute.

---

[4] *Hix v. Dave & Buster's Mgmt. Corp., Inc.*, No. 3:23-CV-623-AR, 2023 WL 9425283, at *1 (D. Or. Nov. 14, 2023), *report and recommendation adopted*, No. 3:23-CV-00623-AR, 2024 WL 326592 (D. Or. Jan. 29, 2024); *Molchanoff v. SOLV Energy, LLC*, No. 23CV653-LL-DEB, 2024 WL 899384, at *3 (S.D. Cal. Mar. 1, 2024).

Interestingly, in support of this objection, Plaintiff cites to the *Betancourt* court's discussion of the statute's legislative history discussing "end[ing] the days of silencing **survivors**" and "prevent[ing] ***victims from sharing their story***." (ECF No. 14 at 12 (citing *Betancourt*, 2023 WL 5352892 at *2) (internal citations omitted)) (emphasis added).) Plaintiff, however, is not a survivor or victim of sexual assault or harassment. The Court finds that the Magistrate Judge's Report properly determined that a finding that the EFAA applies to Plaintiff's claims is not supported by the stated purpose of the statute.[5] Thus, after a *de novo* review, the Court finds this objection without merit.

Plaintiff raises one new, specific objection in his response in support of his objections. (ECF No. 17.) Plaintiff contends that the Magistrate Judge "erred by relying on the Defendants' exhibits to hold that Plaintiff did not sufficiently allege a sexual harassment dispute." (*Id.* at 5-9.) Specifically, Plaintiff claims the Magistrate Judge failed to take the "allegations in the FAC as true and in the light most favorable to Plaintiff" and "viewed the Defendants' exhibits[6] in the light most favorable to the Defendants." (*Id.* at 5.) The Court disagrees.

In her Report, the Magistrate Judge set forth the relevant allegations from the FAC and, as noted above, properly determined that the EFAA does not apply because "Plaintiff does not and cannot bring a sexual harassment claim that survives under Federal Rule of Civil Procedure 12(b)(6)." (ECF No. 13 at 8.) This finding was based solely on the

---

[5] Further, the Court is not persuaded that a contrary finding is warranted because the "EFAA does not state that a person must experience a sexual assault or sexual harassment to avail themselves of the protection of the Act." (ECF No. 17 at 9-10.) The Magistrate Judge examined the statute as a whole and correctly concluded that the statute's language, even interpreted broadly, coupled with the statute's purpose as gleaned from the legislative history, supports the conclusion that the EFAA was not enacted to protect the claims asserted by Plaintiff in this case.

[6] Defendants attached to their reply (ECF No. 9): (1) Jane Doe's April 6, 2022, email outlining the March 29, 2022, incident in the car, and the April 6, 2022, call she chose to have with Bedell (and a witness) about it, (ECF No. 9-1); and (2) Plaintiff's statement recounting the March 29, 2023, incident. (ECF No. 9-2.)

allegations alleged by Plaintiff in the FAC. (*Id.*) The Report then noted that the information contained in Defendants' exhibits – specifically Jane Doe's and Plaintiff's allegations of what occurred on March 29, 2023 – also appear to support a finding that Plaintiff's claims do not "relate to" a sexual harassment dispute. (*Id.* at 8-9.) Notably, however, the Report finds that, **even if** Jane Doe's allegations could support a valid sexual harassment claim, the EFAA does not encompass the claims asserted by Plaintiff. (*Id.* at 10 (noting that Plaintiff has provided "no authority [nor is it aware of any] holding that a retaliation claim falls within the purview of the EFAA where the reta[liation] claim 'related to' the sexual harassment of *someone else*") (emphasis in original).) Thus, after a *de novo* review, the Court finds this objection without merit.

## Conclusion

In conclusion, after reviewing the record, the Court finds no merit to Plaintiff's objections and that the Report properly considered Plaintiff's allegations in a light most favorable to him and correctly determined that the EFAA does not prohibit arbitration of Plaintiff's claims. Therefore, the Court **adopts and specifically incorporates** the Magistrate Judge's Report *with the exception of recommending dismissal without prejudice* (ECF No. 13); **overrules** Plaintiff's objections (ECF Nos. 14, 17); and **grants** Defendants' motion to compel arbitration. (ECF No. 7.) Therefore, the parties are hereby **ORDERED** to arbitration, and this case is **STAYED** pending completion of same. (*See supra* note 2.)

    IT IS SO ORDERED.

/s/ *Bruce Howe Hendricks*
United States District Judge

August 14, 2024
Charleston, South Carolina